**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Richard Trickle, | |
| Plaintiff, | No. 1:24-CV-08121 |
| v. | Judge Edmond E. Chang |
| Tom Dart, Glenn Trammel, Marghoob Ahmad Kahn, | |
| Defendants. | |

**ORDER**

Richard Trickle sues Cook County Sheriff Tom Dart, among others, based on allegedly inadequate medical care he received as a pre-trial detainee at Cook County Jail. R. 1, Am. Compl. ¶¶ 3–4, 12.[1] Specifically, Trickle alleges that defendants violated by the Fourteenth Amendment's Due Process Clause by denying him access to medication to treat his migraine headaches. *Id.* ¶¶ 6, 8–9. In his original complaint, filed *pro se*, Trickle sued Dart in his individual capacity, alleging that Dart turned a blind eye to Trickle's medical issues after Trickle wrote him letters about his medical problems. R. 1, Compl. ¶¶ 6, 73. In a screening order, the Court allowed Trickle's claim against Dart to move forward because the complaint adequately alleged that Dart had personal involvement in the deprivation of Trickle's rights. R. 5, Order at 5–6.

After he was appointed counsel, Trickle filed an amended complaint. *See generally* Am. Compl. Trickle now sues Dart in his official capacity, alleging that Dart "was advised of the improper delay in appropriate medication and violation of Constitutional rights by correspondence from [Trickle], but turned a blind eye and took

---

[1]This Court has subject matter jurisdiction over this Section 1983 case under 28 U.S.C. § 1331.

no action, compounding the continuing delay in medication and violation of [Trickle's] rights." *Id.* ¶¶ 4, 11.

Dart moves to dismiss the claim against him for failure to state a claim. R. 33, Def.'s Mot. at 1. The motion is granted.

As Dart notes, "[a]n official capacity suit is tantamount to a claim against the government entity itself." *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). So by bringing a claim against Dart in his official capacity, Trickle really brings a *Monell* claim against the Cook County Sheriff's Office. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000); *see also Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 594 (1978)). There are three situations in which a government entity can be liable under *Monell*: "(1) an express policy that, when enforced, causes a constitutional depriva-tion, (2) a widespread practice that, although not authorized by written law or ex-press municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Guzman*, 495 F.3d at 859 (cleaned up).

Here, Trickle does not state a plausible *Monell* claim against the Sheriff's Of-fice. The amended complaint does not say that the Sheriff's Office had any express policy or widespread practice that caused the deprivation of Trickle's constitutional rights. *See generally* Am. Compl. So at best, Trickle alleges that his constitutional injury was caused by Dart, who has final policymaking authority for the Sheriff's Office. *See id.* ¶ 11; *see Brokaw*, 235 F.3d at 1013 (noting that "a sheriff in Illinois has 'final policy-making authority'" in this context). But Trickle does not adequately al-lege that Dart's actions caused the deprivation of his constitutional rights. Although his original complaint contained more detailed factual allegations, the amended com-plaint merely alleges that Dart "was advised" of the delay in his medication and "turned a blind eye." Compl. ¶ 73; Am. Compl. ¶ 11. This short, conclusory statement about Trickle's state of mind does not allege any actual facts to support the conclu-sion. Trickle thus fails to state a plausible *Monell* claim.

Trickle responds that he has plausibly stated a claim by alleging that he in-formed Dart about the delay in his medication and Dart did nothing. R. 48, Pl.'s Resp. Br. ¶¶ 2–6. But Trickle relies on the standard for Section 1983 claims against gov-ernment officials in their *individual*, not official, capacities. *See Vance v. Peters*, 97

2

F.3d 987, 990 n.2, 992–93 (7th Cir. 1996) (describing how government officials are liable in their individual capacity for constitutional deprivations they personally caused); *Perez v. Fenoglio*, 792 F.3d 768, 781–82 (7th Cir. 2015) (same). He does not explain how the amended complaint pleads a *Monell* claim. Trickle's answer is thus unresponsive.

Because this is Trickle's first counseled complaint, the *Monell* claim against the Sheriff's Office is dismissed without prejudice. Trickle has until April 10, 2026, to file an amended complaint to fix the *Monell* claim—but only if he can do with a reasonable basis in law and fact.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 26, 2026

3