UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Richard Trickle,<br><br>Plaintiff,<br><br>v.<br><br>Tom Dart, Glenn Trammel, and Marghoob Ahmad Kahn,<br><br>Defendants. | No. 1:24-CV-08121<br><br>Judge Edmond E. Chang |

# ORDER

Rickard Trickle sues Cook County Sheriff Tom Dart, Glen Trammell,[1] and Dr. Marghoob Khan,[2] based on allegedly inadequate medical care he received as a pretrial detainee at Cook County Jail. R. 108, Third Am. Compl. ¶¶ 5, 9–10, 19–20, 22.[3] Each Defendant moves to dismiss the Third Amended Complaint for failure to state a claim. R. 113, Dart's Mot. at 1; R. 115, Trammell's Mot. at 1; R. 117, Khan's Mot. at 1.

## Glen Trammell and Marghoob Khan

Trickle alleges that he has migraine headaches that must be treated with the "immediate administration of medication at the onset of each migraine." Third Am. Compl. ¶ 8. But Trickle says that he was "denied the ability to have the medication

[1]The Third Amended Complaint spells the Defendant's name "Glenn Trammel," Third Am. Compl. at 1, but the motion to dismiss (filed by his own lawyer) spells his name "Glen Trammell," R. 115, Trammell's Mot. at 1, so the Court uses the latter spelling in this Order.

[2]The Third Amended Complaint spells the Defendant's name "Marghoob Ahmad Kahn," Third. Am. Compl. at 1, but the motion to dismiss (filed by his own lawyer) spells his name "Marghoob Khan," R. 117, Khan's Mot. at 1, so the Court uses the latter spelling in this Order.

[3]This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

on his person while [he was] a pre-trial detainee at the Cook County Jail." *Id.* ¶ 9. Instead, he had to make an appointment to administer the medication at the jail's pharmacy. *Id.* ¶ 10. Because the medication was stored at the pharmacy and could only be accessed at an appointment, Trickle says that for months he did not receive the medication in time—or at all—to treat his migraine symptoms, causing pain and suffering. *Id.* ¶¶ 12–17. Eventually, his symptoms worsened, and he was hospitalized. *Id.* ¶ 17. Trickle also alleges that he was denied necessary medical equipment (a walker and CPAP machine) during his pretrial detention. *Id.* ¶ 22; *id.* at 7.

"Lawsuits against individuals require personal involvement in the constitutional deprivation to support a viable claim." *Gonzalez v. McHenry County*, 40 F.4th 824, 828 (7th Cir. 2022) (cleaned up).[4] Here, Trammell and Khan argue that Trickle has not adequately alleged their personal involvement. Trammell's Mot. at 5–7; Khan's Mot. at 4–5. But Trickle alleges that these two Defendants were responsible for ordering that his medication be kept at the pharmacy: Glen Trammell (the physician assistant who directly oversaw his medical care) and Dr. Marghoob Khan (who oversaw Trammell and the other assistants at the jail). Third Am. Compl. ¶¶ 7, 10; *id.* at 6–7.

Specifically, Trickle alleges that Trammell and Khan "knew or should have known that any delay in administration of the migraine medication would cause … [Trickle] to experience unnecessary pain and suffering, yet improperly required the medication to be retained at the pharmacy." Third Am. Compl. ¶ 10. Trickle thus plausibly alleges that Trammell and Khan were personally involved in the constitutional deprivation. *See Gonzalez*, 40 F.4th at 828 (describing how a defendant is personally involved if they "know about the conduct" and "facilitate, approve, condone, or turn a blind eye toward it" (cleaned up)); *see also Liska v. Dart*, 60 F. Supp. 3d 889, 902 (N.D. Ill. 2014) (concluding that the plaintiff adequately pleaded personal responsibility by alleging that the defendant knew or should have known about the constitutional violations and allowed them to occur). Similarly, Trickle alleges that he was prescribed medical equipment while under Trammell's and Khan's care, but was denied access to it, Third Am. Compl. at 7, which raises a plausible

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

inference—given their respective medical-care job positions—that they were personally involved in the denial.[5]

Khan argues that he cannot be liable merely for supervising Trammell. Khan's Mot. at 5–6. But Trickle alleges more than mere supervision. According to the Third Amended Complaint, Khan (along with Trammell) required the jail to keep the medication at the pharmacy. Third Am. Compl. ¶ 10. And Khan supervised the physician assistants. *Id.* at 7. This allegation reasonably suggests Khan's personal involvement. *See Liska*, 60 F. Supp. 3d at 902.

Trammell similarly disclaims responsibility, contending that it was jail policy to keep medication at the pharmacy, and that any delays in receiving the medication were attributable to other jail staff or systems. Trammell's Mot. at 9–10. But Trickle says that Trammell and Khan made the decision to keep the medication at the pharmacy. Third Am. Compl. ¶ 10. And Trickle alleges that the delays in receiving his medication stemmed from that decision; in other words, if Trickle were allowed to keep the medication on his person, he could have taken it immediately when needed. *Id.* ¶¶ 8–18. Perhaps at summary judgment Trammell can offer evidence that the medication was kept at the pharmacy pursuant to jail policy, rather than his personal decision. But at the pleading stage, the Court must take Trickle's factual allegations about Trammell's involvement as true.[6]

Finally, Trammell argues that even if he was personally involved, his alleged conduct does not rise to the level of a constitutional violation. Trammell's Mot. at 7–8. Trammell contends that he made "medical or administrative judgment regarding the appropriate way to manage medication access in a jail setting, balancing security concerns with medical access." *Id.* at 8. "Claims of inadequate medical care while in pretrial detention are subject to an objective-reasonableness standard," which

---

[5]Khan argues that this allegation is contradicted by another allegation that Trickle wrote Dart about the medical equipment. R. 126, Khan's Reply at 4. But Trickle's allegations are consistent: he says that he was denied the equipment while under Trammell and Khan's care, and then wrote to Dart about the denial. Third Am. Compl. ¶¶ 22; *id.* at 7.

[6]Trammell further argues that Trickle contradicts himself by alleging that "migraine medication, ordered to be kept on … [Trickle's] person was taken from him by Cook County jail staff." Trammell's Mot. at 5–6; Third Am. Compl. ¶ 11. But read in context, this paragraph alleges that Trickle was meant to keep the medication on his person for medical reasons, but the jail staff took away his medication under Trammell and Khan's orders. That is consistent with Trickle's other factual allegations.

requires the plaintiff to "show that the challenged conduct was objectively unreasonable in light of the totality of the relevant facts and circumstances." *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020). So the Court "must take account of the legitimate interests in managing a jail, acknowledging as part of the objective reasonableness analysis that deference to policies and practices needed to maintain order and institutional security is appropriate." *Kingsley v. Hendrickson*, 576 U.S. 389, 399–400 (2015).

All of those legal principles correctly describe the deference to jail officials when considering jail security. At summary judgment, the evidence might very well show that Trammell and Khan had legitimate security concerns that necessitated storing Trickle's migraine medication at the jail's pharmacy. But at this *pleading* stage in the case, the Court has no evidence to that effect. Instead, the Court must rely on Trickle's allegation that Trammell and Khan knew that it was medically necessary for Trickle to keep his medication on his person, yet required him to keep the medication at the pharmacy instead. Third Am. Compl. ¶ 10. Thus, Trickle has plausibly alleged that Trammell and Khan's conduct was objectively unreasonable. He adequately states a due-process claim against both Defendants.

**Tom Dart**

Trickle sues Dart in his official capacity, Third Am. Compl. ¶ 4, which "is tantamount to a claim against the government entity itself," *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007)—here, the Cook County Sheriff's Office. To adequately plead a *Monell* claim against the Sheriff's Office, Trickle must allege one of three situations:

> (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Guzman*, 495 F.3d at 859 (cleaned up). Trickle does not allege that his inadequate medical care was caused by an express policy or widespread practice at the jail. *See generally* Third Am. Compl. But he does allege that Dart had "final policymaking authority" for the Sheriff's Office, *id.* ¶ 25, which Dart does not contest, *see generally* Dart's Mot.; *see also Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000)

(noting that "a sheriff in Illinois has final policy-making authority" in this context (cleaned up)). Thus, if Trickle plausibly alleges that Dart caused his constitutional injury, then Trickle has adequately stated a claim for *Monell* liability against the Sheriff's Office. *See Gonzalez*, 40 F.4th at 829.[7]

Here, Trickle has done so. Trickle alleges that he put Dart on notice of the issues with his migraine medication and durable medical equipment by filing grievances that Dart reviewed. Third Am. Compl. ¶ 19. Trickle also wrote a letter to Dart complaining about both issues. *Id.* ¶ 22. But despite this notice, Dart did nothing; the grievances were denied and no changes were enacted. *Id.* ¶¶ 20, 23. Thus, Trickle alleges specific, concrete facts that give rise to a plausible inference that Dart—an official with final policymaking authority—caused Trickle's constitutional injuries. Trickle thus plausibly alleges *Monell* liability. *See Lamb v. County of Lake*, 2021 WL 4306144, at *7–8 (N.D. Ill. Sep. 22, 2021) (concluding that the plaintiff adequately pled a *Monell* claim against the Sheriff's Office by alleging that the sheriff "gave the order to deny treatment" to detainees suffering from plaintiff's illness).

Dart contends that a grievance denial alone does not violate Trickle's constitutional rights. Dart's Mot. at 5–6; *see Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). But Trickle alleges that Dart received and denied the grievances to show that Dart had *notice* of Trickle's inadequate medical care—and then refused to do anything about it, which can give rise to a constitutional claim.

Dart also argues that "Cermak Health Services is the health care provider for all detainees" at the jail, so he was entitled to defer to Cermak's judgment about the medical care of detainees. R. 124, Dart's Reply at 2. And Dart contends that his mere inaction cannot establish *Monell* liability. *Id.* at 4–5. But again, at the pleading stage, the Court lacks evidence about Dart's role in making the medical-care decisions at issue. Perhaps Dart can introduce evidence at summary judgment that Cermak, not him, made the decision to keep Trickle's medication at the jail pharmacy. Remember, however, that the defense argued that jail *security* is the rationale for requiring pharmacy checkout of migraine medication, and security is within the province of Dart's

[7]It is worth noting that there are settings in which a final policymaker's misconduct is not automatically equivalent to *Monell* liability. *Betts v. Boone County*, 178 F.4th 1051, 1055–60 (7th Cir. 2026) (explaining that when the individual policymaker violates or frustrates the government's policy, rather than carries it out, there is no *Monell* liability). But the defense does not argue that this is that type of setting.

decision-making, not Cermak. At the least, it is plausible that Dart and Cermak together balanced the medical and security risks and benefits in setting the alleged pharmacy-checkout policy. In any event, at this stage in the case, Trickle has plausibly alleged that Dart had policymaking authority over the jail and declined to intervene when he knew that Trickle was denied his medication and medical equipment. Third Am. Compl. ¶¶ 19–25. That raises a plausible inference that Dart caused Trickle's constitutional injury.

Ultimately, because Trickle plausibly states due-process claims against all three Defendants, the motions to dismiss, R. 113; R. 115; R. 117, are denied.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 4, 2026